UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas W. Hopper,<br><br>                      Plaintiff,<br><br>vs.<br><br>South Carolina State Housing Finance and Development Authority,<br><br>                      Defendant. | C/A No. 7:05-2137-HFF-WMC<br><br>REPORT AND RECOMMENDATION |

The *pro se* plaintiff, Thomas W. Hopper (Plaintiff), files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the South Carolina State Housing Finance and Development Authority, a state agency, as the sole defendant. Plaintiff's claim involves a state foreclosure proceeding which the Defendant brought against Plaintiff. The relief requested is for the foreclosure proceeding to be "overturned." Complaint at 5.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the

administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Discussion

The complaint states Plaintiff's property was sold in a state foreclosure proceeding, and requests "this unfair foreclosure action (and other actions relating to) to be overturned

and a workout solution granted as required by the Housing and Urban Development's Loss Mitigation Program." Plaintiff's claim is subject to summary dismissal because, under the Rooker-Feldman Doctrine, this Court is without jurisdiction to consider it.

The proceedings and rulings made in the state court foreclosure action in Cherokee County, South Carolina, cannot be reviewed or set aside by the United States District Court for the District of South Carolina. *See* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983)( a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.).[1] *See also* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the Rooker-Feldman doctrine or the Feldman-Rooker doctrine. *See*, *e.g.*, Ivy Club v. Edwards, 943 F.2d 270, 284 (3d Cir. 1991). Because the Rooker-Feldman Doctrine is jurisdictional it may be raised by the Court *sua sponte*.

Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by the State of South Carolina courts. The Rooker-Feldman Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues. See Arthur v. Supreme Court of Iowa, 709 F. Supp. 157, 160 (S.D.

---

[1] Appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state's highest court. *See* 28 U.S.C. § 1257(since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right).

Iowa 1989). The doctrine also applies even if the state court litigation has not reached a state's highest court, as in this case. *See* Worldwide Church of God v. McNair, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986); *see also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); Robart Wood & Wire Prods. v. Namaco Indus., 797 F.2d 176, 178 (4th Cir. 1986).

In the recent case of Shooting Point, L.L.C. v. Cumming, 368 F.3d 379 (4th Cir. 2004), the Fourth Circuit held the following:

> The *Rooker-Feldman* doctrine precludes federal "review of adjudications of the state's highest court [and] also the decisions of its lower courts." *Jordahl v. Democratic Party,* 122 F.3d 192, 199 (4th Cir.1997). The *Rooker-Feldman* bar extends not only to issues actually decided by a state court but also to those that are "inextricably intertwined with questions ruled upon by a state court." *Plyler,* 129 F.3d at 731 (internal quotation marks omitted). A federal claim is "inextricably intertwined" with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Id.* (internal quotation marks omitted).
>
> Under either the "actually decided" or the "inextricably intertwined"prong, the principle is the same: '[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.' " *Brown & Root, Inc. v. Breckenridge,* 211 F.3d 194, 199 (4th Cir.2000) (quoting *Johnson v. De Grandy,* 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994)). Thus, "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual, *Rooker-Feldman* is implicated." *Jordahl,* 122 F.3d at 202 (internal punctuation omitted) (quoting *Ernst v. Child and Youth Servs.,* 108 F.3d 486, 491 (3d Cir.1997)). Because federal jurisdiction to review the decisions of state courts "is reserved exclusively to the Supreme Court, it is improper for

> federal district courts to exercise jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment." *Ernst,* 108 F.3d at 491.

Shooting Point, L.L.C. v. Cumming, 368 F.3d at 382-84.

Plaintiff's submission of the complaint in this case, requesting the state court foreclosure action be overturned, is clearly an attempt to have this Court review the state court proceedings. *See* Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."). Such a result is prohibited under the Rooker-Feldman Doctrine. *See* Shooting Point, L.L.C. v. Cumming, 368 F.3d at 382-84; Jordahl v. Democratic Party of Va., 122 F.3d at 201; *see also* Gulla v. North Strabane Township, 146 F.3d 168, 171 (3d Cir. 1998); Jones v. Crosby, 137 F.3d 1279, 1280 (11th Cir. 1998); Moccio v. N. Y. State Office of Court Admin., 95 F.3d 195, 198 (2d Cir. 1996). The complaint in this case should be dismissed.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *with prejudice* and without issuance and service of process. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

s/William M. Catoe<br>
United States Magistrate Judge

September 7, 2005<br>
Greenville, South Carolina

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 10768**
**Greenville, South Carolina 29603**